UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED OZBALIK,<br><br>                                   Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center; KENNETH C. SMITH, San Diego Field Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, PAMELA BONDI, Attorney General of the United States,<br><br>                                   Respondents. | Case No.: 25-cv-3656-JES-SBC<br><br>**ORDER DENYING EMERGENCY MOTION TO ENFORCE JUDGMENT**<br><br><br>**[ECF No. 8]** |

Before the Court is an emergency motion by Petitioner Muhammed Ozbalik for the Court to enforce its previous judgment granting him a bond hearing. ECF No. 8. Petitioner previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which was fully briefed by the parties and resulted in this Court's grant of a bond hearing. ECF

No. 6. On January 26, 2026, an immigration judge denied Petitioner bond on the basis that he is a flight risk. ECF No. 7.

Petitioner now seeks to challenge the result of his bond determination hearing on the basis that the hearing was not constitutionally sufficient due to DHS' introduction of evidence one day before the hearing. ECF No. 8 at 2. "There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States,* 384 U.S. 364, 370 (1966). However, district courts may not review discretionary decisions made by immigration authorities, and may only review immigration-related detentions to determine if they comport with the requirements of the Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 688, (2001). Further, jurisdiction to review any challenges to underlying immigration orders, including removal orders, does not rest with the district court, but with appellate courts. *See* 8 U.S.C. § 1252(a)(5). Here, Petitioner has not identified any authority showing that Respondents' conduct in Petitioner's bond hearing violated any constitutional or statutory provisions which govern the production of evidence in such hearings. The emergency motion to enforce judgment is thus **DENIED**, and the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: February 10, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

25-cv-3656-JES-SBC